UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-11243-RGS

ARTHUR MILES,
                Petitioner

v.

WARDEN BOWERS,
                Respondent

ORDER ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

February 6, 2025

STEARNS, D.J.

I agree that the position taken by Magistrate Judge Boal is thoughtful and compassionate, but I cannot distinguish the case from my prior conclusion in *Dunlap v. Warden FMC Devens*, 2025 WL 35248 (D. Mass. January 6, 2025), that the decision of the Bureau of Prisons (BOP) to deny petitioner Earned Time Credits (ETCs) under the for the time that he was detained in a non-BOP designated facility awaiting his final sentence, "while arguably unfair, was not unlawful." *Id*., at *1. As I noted in *Dunlap*, Congress in enacting the First Step Act (FSA) left certain lacunae for the BOP as the administrative agency to fill. As pertinent here, the FSA left it to the

BOP to implement rules for determining when an inmate commences eligibility to earn ETCs. The pertinent rule as promulgated specifically excludes an inmate's participation in programming while temporarily transferred to the custody of non-BOP designated institution. While personally I might have drafted a fairer rule, as Magistrate Judge Levenson aptly stated in *Dunlap*, we are "constrained to consider only whether the Rule, or the BOP's application of its Rule, contravenes the FSA or otherwise violates [an inmate's] federal rights." 2024 WL 5285006, at *6. (D. Mass. Dec. 13, 2024). Here, I conclude, as before, that it does not. Consequently, the Recommendation is <u>OVERRULED</u>, and the Respondent's motion to dismiss is <u>GRANTED</u> with prejudice. The Clerk will enter judgment for the Respondent and close the case.[1]

                SO ORDERED.

                /s/ Richard G. Stearns  
                UNITED STATES DISTRICT JUDGE

---

[1] Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of the court's Order granting Respondent's motion to dismiss is also <u>DENIED</u>, the court seeing no meritorious or substantial basis supporting an appeal.