UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARTHUR MILES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN BOWERS,<br><br>Respondent. | Civil Action No. 24-11243-RGS |

**RESPONDENT'S RESPONSE TO COURT ORDER**

Respondent Warden Bowers respectfully submits the following response to the Court's June 30, 2026 electronic order, Doc. No. 41.

1. The First Step Act (FSA) provides that an eligible prisoner "who successfully completes evidence-based recidivism reduction [EBRR] programming or productive activities [PAs], shall earn time credits" pursuant to a statutory formula. 18 U.S.C. § 3632(d)(4)(A). An EBRR program may include "a prison job." 18 U.S.C. § 3635(3)(C)(xi).

2. In this habeas action, Petitioner Arthur Miles alleged that after he was sentenced and before he arrived at his BOP-designated institution, he was detained at Marion County Jail for about fifteen months. Doc. No. 1 at 1-2. Miles further alleged that, during this time, he "worked productively as a Unit Orderly." *Id.* at 1. BOP did not, however, award Miles any FSA times credits for that work because—even assuming that it was performed and would qualify as an EBRR or PA—it was performed before Miles arrived at his BOP-designated institution.

3. Miles claimed that BOP "violated the FSA when it refused to award him credit for work he performed while housed at a county jail during the fifteen months between his first sentencing and his transfer to a federal facility." *Miles v. Bowers*, 173 F.4th 372, 373–74 (1st Cir. 2026). The First Circuit agreed and held that "Miles could not properly be denied time credits

based solely on the fact that his work as an orderly preceded his arrival at FMC Devens." *Id.* at 379. Accordingly, the First Circuit concluded that BOP must consider "whether [Miles] earned FSA time credits for the work he performed as an orderly" at Marion County Jail. *Id.* at 385.[1]

4. Based on the First Circuit's decision, this Court ordered BOP to calculate "the [FSA] time credits that may be due to [Miles] based on his work as an orderly during his tenure at the Marion County Jail while awaiting transfer to a federal facility." Doc. No. 41.

5. Pursuant to this Court's order and the First Circuit's decision, BOP contacted Marion County Jail to ascertain what type of work Miles performed and whether it would qualify as an EBRR program entitling him to FSA time credits. Marion County Jail informed BOP that its records of inmate work assignments did not show Miles as having performed any work while detained there. *See* Exhibit A (Declaration of K. Middleton). Furthermore, Marion County Jail informed BOP that it does not offer the position of a "Unit Orderly." *See id.*

6. Accordingly, BOP's current calculation of Miles's FSA time credits does not include any additional time credits for work performed at Marion County Jail, as it does not appear that Miles in fact performed work at Marion County Jail, including as a Unit Orderly.

7. Miles has, however, continued to earn FSA time credits at FMC Devens. Therefore, Respondent has attached BOP's current calculation showing that Miles has earned 872 days of FSA time credits to date. *See* Exhibit B.

[1] That said, the First Circuit stated that neither the Court nor BOP must "simply accept [Miles's] contention that the work he performed as an orderly at the county jail met the requirements of 'a prison job' that qualifies as an appropriate EBRR program for him," thereby entitling him to FSA time credits. *Id.* at 377.

8. The Court's order also directed BOP "to rescind its current regulatory policy providing that a sentence does not commence until a prisoner arrives at his or her designated BOP facility." Doc. No. 41. Given that this is an individual petition for habeas relief, and not an action seeking vacatur under the Administrative Procedure Act (APA), Respondent understands this order as requiring BOP to rescind this regulatory policy as to Miles, which it has done. Moreover, given the precedential effect of the First Circuit's decision, BOP is not applying this regulatory policy to inmates in the First Circuit. Finally, even if Miles had sought vacatur under the APA, the APA only applies where "there is no other adequate remedy in a court." 5 U.S.C. § 704. Accordingly, the remedies available under the APA would not apply because Miles has an adequate remedy in habeas.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: July 30, 2026

By: *_/s/ Michael L. Fitzgerald_*
MICHAEL L. FITZGERALD
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3266
michael.fitzgerald2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael L. Fitzgerald*
MICHAEL L. FITZGERALD
Assistant U.S. Attorney